**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>LEHMAN BROTHERS HOLDINGS INC.,<br>　　　　　　　　　　Debtors. | Chapter 11<br>Bk. Case No. 08-13555-scc |
| LEHMAN BROTHERS HOLDINGS INC.<br>　　　　　　　　　　Plaintiff,<br>v.<br>HOME LOAN CENTER INC.,<br>　　　　　　　　　　Defendant. | Adv. Pro. No. 16-01342-scc |

**ANSWER OF DEFENDANT HOME LOAN CENTER INC.
TO SUPPLEMENTAL SECOND AMENDED COMPLAINT**

Defendant Home Loan Center, Inc. ("Defendant" or "HLC"), by its undersigned counsel, hereby answers the Supplemental Second Amended Adversary Complaint ("Complaint") filed by Lehman Brothers Holdings Inc. ("LBHI" or "Plaintiff") in this Court on December 19, 2018 (Dkt. No. 30). Specifically, in response to the numbered paragraphs included in the Complaint, HLC admits, denies, or otherwise responds to the allegations as set forth below. All allegations are hereby denied unless expressly admitted. Further, an admission to a portion of an allegation does not constitute an admission, either express or implied, to the remainder of the allegation.

1

1.     HLC admits that Plaintiff has filed an action as set forth in Paragraph 1 of the Complaint, but denies any liability and further denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.  HLC further states that Paragraph 1 of the Complaint asserts legal conclusions to which no response is required; to the extent a further response is required, except as expressly admitted, HLC denies each and every allegation contained in Paragraph 1 of the Complaint.

2.     HLC lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 2 of the Complaint, except HLC admits that the Bankruptcy Court entered orders on settlements between LBHI and Fannie Mae and LBHI and Freddie Mac (ECF No. 42153 and 42754), and HLC denies that it sold loans that were defective.  HLC further states that Paragraph 2 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves.  In addition, each sentence of Paragraph 2 of the Complaint asserts legal conclusions to which no response is required.  To the extent that further response is required, except as expressly admitted, HLC denies each and every allegation contained in Paragraph 2 of the Complaint.

3.     HLC lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3 of the Complaint, except HLC admits that the Court entered an Order Estimating Allowed Claim Pursuant to RMBS Settlement, dated March 15, 2018, and HLC denies that it sold loans that were defective.  In addition, each sentence of Paragraph 3 of the Complaint asserts legal conclusions to which no further response is required.  HLC further states that the second, third, fourth, fifth, and sixth sentences of Paragraph 3 of the Complaint purport to characterize documents, and the contents of those documents speak for themselves.  To the

extent that further response is required, HLC denies each and every allegation contained in Paragraph 3 of the Complaint.

4. HLC admits that Plaintiff has filed an action as set forth in Paragraph 4 of the Complaint, but denies any liability and further denies that Plaintiff is entitled to the requested relief or to any relief whatsoever. To the extent a further response is required, HLC denies each and every allegation contained in Paragraph 4 of the Complaint.

5. HLC lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 5 of the Complaint.

6. HLC admits that it is organized in the United States and previously sold mortgage loans in the United States. Except as expressly admitted, HLC denies each and every allegation set forth in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint asserts legal conclusions to which no response is required.

8. Paragraph 8 of the Complaint asserts legal conclusions to which no response is required; to the extent a further response is required, HLC denies each and every allegation contained in Paragraph 8 of the Complaint. HLC further states that the first and second sentences of Paragraph 8 of the Complaint purport to characterize documents, and the contents of those documents speak for themselves.

9. Paragraph 9 of the Complaint asserts legal conclusions to which no response is required; to the extent a further response is required, HLC denies each and every allegation contained in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint asserts legal conclusions to which no response is required; to the extent a further response is required, HLC denies each and every allegation

contained in Paragraph 10 of the Complaint, except HLC admits that it is organized in the United States and previously sold mortgage loans in the United States.

11. HLC lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11 of the Complaint, except HLC admits that LBB or its affiliates engaged in the purchase and sale of mortgage loans.

12. HLC admits that it previously engaged in mortgage origination and sold mortgage loans on the secondary market to purchasers, including LBB. Except as expressly admitted, HLC denies each and every allegation set forth in Paragraph 12 of the Complaint.

13. HLC admits that Plaintiff has filed an action as set forth in Paragraph 13 of the Complaint and that that it signed documents entitled "Loan Purchase Agreement," dated April 16, 2002, and November 5, 2004, with LBB, and states that the contents of those documents speak for themselves, but denies any liability and further denies that Plaintiff is entitled to the requested relief or to any relief whatsoever. HLC further states that Paragraph 13 of the Complaint asserts legal conclusions to which no response is required. To the extent a further response is required, except as expressly admitted, HLC denies each and every allegation contained in Paragraph 13 of the Complaint.

14. HLC admits that it signed documents entitled "Loan Purchase Agreement," dated April 16, 2002, and November 5, 2004, with LBB, and further states that the contents of those documents speak for themselves. Except as expressly admitted, HLC denies each and every allegation set forth in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint asserts legal conclusions to which no response is required; to the extent a further response is required, HLC denies each and every allegation contained in Paragraph 15 of the Complaint to the extent it concerns HLC. HLC further states

4

Paragraph 15 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves.

16. Paragraph 16 of the Complaint asserts legal conclusions to which no response is required. HLC further states Paragraph 16 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves.

17. Paragraph 17 of the Complaint asserts legal conclusions to which no response is required. HLC further states Paragraph 17 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves.

18. Paragraph 18 of the Complaint asserts legal conclusions to which no response is required; to the extent a further response is required, HLC denies each and every allegation contained in Paragraph 18 of the Complaint, including denying that HLC sold defective loans. HLC further states Paragraph 18 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves.

19. Paragraph 19 of the Complaint asserts legal conclusions to which no response is required; to the extent a further response is required, HLC denies each and every allegation contained in Paragraph 19 of the Complaint to the extent it concerns HLC. HLC further states Paragraph 19 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves.

20. HLC lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 20 of the Complaint. In addition, Paragraph 20 of the Complaint asserts legal conclusions to which no response is required; to the extent a further response is required, HLC denies each and every allegation contained in Paragraph 20 of the Complaint to the extent it concerns HLC.

5

21. Paragraph 21 of the Complaint asserts legal conclusions to which no response is required. HLC further states Paragraph 21 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves.

22. HLC lacks knowledge or information sufficient to admit or deny the allegations contained in the first sentence of Paragraph 22 of the Complaint. HLC further states that Paragraph 22 of the Complaint asserts legal conclusions to which no response is required; to the extent a further response is required, HLC denies each and every allegation contained in Paragraph 22 of the Complaint to the extent it concerns HLC. HLC further states Paragraph 22 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves.

23. HLC lacks knowledge or information sufficient to admit or deny the allegations contained in the first sentence of Paragraph 23 of the Complaint concerning "LBB's assignee," and therefore denies those allegations. HLC further states that Paragraph 23 of the Complaint asserts legal conclusions to which no response is required. HLC further states Paragraph 23 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves.

24. Paragraph 24 of the Complaint asserts legal conclusions to which no response is required. HLC further states Paragraph 24 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves.

25. Paragraph 25 of the Complaint asserts legal conclusions to which no response is required. HLC further states Paragraph 25 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves.

26. Paragraph 26 of the Complaint asserts legal conclusions to which no response is required. HLC further states Paragraph 26 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves.

27. Paragraph 27 of the Complaint asserts legal conclusions to which no response is required. In addition, HLC lacks knowledge or information sufficient to admit or deny the allegations contained in the first sentence of Paragraph 27 of the Complaint. HLC further states that the remaining sentences of Paragraph 27 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves.

28. Paragraph 28 of the Complaint asserts legal conclusions to which no response is required; to the extent a further response is required, HLC denies each and every allegation contained in Paragraph 28 of the Complaint to the extent it concerns HLC. HLC further states Paragraph 28 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves.

29. HLC lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 29 of the Complaint, except HLC admits that the LBB sold loans to third parties, and HLC denies that it sold loans that were defective. Except as expressly admitted, HLC denies each and every allegation set forth in Paragraph 29 of the Complaint.

30. HLC lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 30 of the Complaint, except HLC denies that it sold loans that were defective. Except as expressly admitted, HLC denies each and every allegation set forth in Paragraph 30 of the Complaint.

31. HLC lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 31 of the Complaint, except HLC denies that it sold loans that were

defective. Except as expressly admitted, HLC denies each and every allegation set forth in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves. HLC denies each and every allegation set forth in Paragraph 32 of the Complaint to the extent in concerns HLC, including that HLC sold defective loans.

33. Paragraph 33 of the Complaint asserts legal conclusions to which no response is required; to the extent a further response is required, HLC denies each and every allegation contained in Paragraph 33 of the Complaint to the extent it concerns HLC, including the allegation that HLC sold defective loans. HLC further states Paragraph 33 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves.

34. HLC lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 34 of the Complaint. In addition, Paragraph 34 of the Complaint asserts legal conclusions to which no response is required.

35. Paragraph 35 of the Complaint asserts legal conclusions to which no response is required; to the extent a further response is required, HLC admits that the Bankruptcy Court approved certain LBHI settlements with Fannie Mae and Freddie Mac. HLC further states Paragraph 35 of the Complaint purports to characterize documents regarding LBHI's settlements with Fannie Mae and Freddie Mac, and the contents of those documents speak for themselves. Except as expressly admitted, HLC denies each and every allegation contained in Paragraph 35 of the Complaint to the extent it concerns HLC, including that HLC sold defective loans.

36. HLC lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 36 of the Complaint. In addition, Paragraph 36 of the Complaint asserts

8

legal conclusions to which no response is required; however, to the extent a further response is required, HLC denies each and every allegation contained in Paragraph 36 of the Complaint to the extent it concerns HLC, including the allegation that HLC sold defective loans.

37. HLC admits that Exhibit B purports to contain a list of loans, and Exhibit C purports to relate to those loans. HLC denies that it sold defective loans and denies that the descriptions of alleged defects in Exhibits B and C are accurate. Except as expressly admitted, HLC denies each and every allegation set forth in Paragraph 37 of the Complaint.

38. HLC denies each and every allegation set forth in Paragraph 38 of the Complaint.

39. HLC lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 39 of the Complaint, except HLC admits that LBB sold loans to third parties and HLC denies that it sold defective loans.

40. HLC lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 40 of the Complaint. In addition, Paragraph 40 of the Complaint asserts legal conclusions to which no response is required.

41. HLC lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 41 of the Complaint. HLC further states that Paragraph 41 of the Complaint asserts legal conclusions to which no response is required. HLC also states Paragraph 41 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves.

42. HLC lacks knowledge of information sufficient to admit or deny the allegations contained in Paragraph 42 of the Complaint as it relates to representations made by parties other than Home Loan Center. HLC denies each and every allegation set forth in Paragraph 42 of the Complaint to the extent it concerns HLC, including denying that HLC sold defective loans.

43. HLC admits that the RMBS Trustees filed claims relating to loans sold to LBB, but denies that HLC sold defective loans. Except as expressly admitted, HLC denies each and every allegation set forth in Paragraph 43 of the Complaint to the extent it concerns HLC.

44. HLC lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 44 in the Complain regarding what was "alleged." HLC denies that it sold defective loans. Except as expressly admitted, HLC denies each and every allegation set forth in Paragraph 44 of the Complaint to the extent it concerns HLC.

45. HLC lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 45 of the Complaint. In addition, Paragraph 45 of the Complaint asserts legal conclusions to which no response is required.

46. Paragraph 46 of the Complaint asserts legal conclusions to which no response is required; HLC further states Paragraph 46 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves. To the extent any further response is required, HLC lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 46 of the Complaint, except that HLC admits that an Estimation Proceeding occurred before the bankruptcy court and the Court entered an order thereafter.

47. Paragraph 47 of the Complaint asserts legal conclusions to which no response is required. To the extent any further response is required, HLC lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 47 of the Complaint, except HLC denies that it sold loans that were defective.

48. HLC admits that Exhibit D purports to contain a list of loans, and Exhibit C purports to relate to those loans. HLC denies that it sold defective loans and denies that the

10

descriptions of alleged defects in Exhibits C and D are accurate. Except as expressly admitted, HLC denies each and every allegation set forth in Paragraph 48 of the Complaint.

49. HLC lacks knowledge of information sufficient to admit or deny the allegations contained in Paragraph 49 of the Complaint as it relates to representations made by parties other than Home Loan Center, including whether those representations were "coextensive" with representations made my HLC. HLC denies each and every allegation set forth in Paragraph 49 of the Complaint to the extent it concerns HLC, including denying that HLC sold defective loans.

50. Paragraph 50 of the Complaint asserts legal conclusions to which no response is required; to the extent a further response is required, HLC denies each and every allegation contained in Paragraph 50 of the Complaint, including denying that HLC sold defective loans. HLC further states Paragraph 50 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves.

51. Paragraph 51 of the Complaint asserts legal conclusions to which no response is required. HLC further states Paragraph 51 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves.

52. Paragraph 52 of the Complaint asserts legal conclusions to which no response is required; to the extent a further response is required, HLC denies each and every allegation contained in Paragraph 52 of the Complaint to the extent it concerns HLC. HLC further states that Plaintiff has failed to plead satisfaction of any conditions precedent with particularity.

53. HLC incorporates by reference herein each and every response to the Complaint set forth above.

54. Paragraph 54 of the Complaint asserts legal conclusions to which no response is required. HLC further states Paragraph 54 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves.

55. Paragraph 54 of the Complaint asserts legal conclusions to which no response is required; to the extent a further response is required, HLC denies each and every allegation contained in Paragraph 54 of the Complaint. HLC further states Paragraph 55 of the Complaint purports to characterize documents, and the contents of those documents speak for themselves.

56. HLC denies each and every allegation set forth in Paragraph 56 of the Complaint.

57. HLC denies each and every allegation set forth in Paragraph 57 of the Complaint.

\* \* \* \*

Plaintiff's Prayer for Relief does not contain any allegations to which a response is required. To the extent any response is required, HLC denies that Plaintiff is entitled to any relief of any kind, and hereby denies any allegations in the Prayer for Relief on that basis.

Pursuant to Federal Rule of Bankruptcy Procedure 7012, Home Loan Center does not consent to the bankruptcy court's entry of final orders or judgment.

\* \* \* \* \*

To the extent that any further answer is required to any paragraph in the Complaint, HLC hereby denies all such allegations. HLC denies all allegations in the Complaint (including headings, footnotes, and the "Prayer for Relief") not specifically admitted herein and denies that Plaintiff is entitled to any of the relief requested. All allegations contained in the Complaint not expressly admitted above are here and now denied.

\* \* \* \* \*

Without assuming the burden of proof on any matter for which the burden rests upon Plaintiff or waiving defenses not raised below that it need not plead at this time, HLC asserts the following defenses with respect to the Complaint:

### First Defense

The Complaint, in whole or in part, fails to state a claim for which relief can be granted because, among other reasons, Plaintiff alleges no facts showing that any losses Plaintiff may have sustained were proximately caused by HLC's alleged breaches.

### Second Defense

The Complaint, in whole or in part, fails to state a claim upon which damages can be awarded.

### Third Defense

Plaintiff's claims have been released and discharged in bankruptcy.

### Fourth Defense

The Complaint is barred, in whole or in part, to the extent that Plaintiff did not suffer damages.

### Fifth Defense

The Complaint is barred, in whole or in part, to the extent that Plaintiff did not receive a valid assignment as to the rights of the purchaser of a loan.

### Sixth Defense

The Complaint is barred, in whole or in part, under the doctrine of waiver.

### Seventh Defense

The Complaint is barred, in whole or in part, to the extent that Plaintiff seeks recovery inconsistent with any contractual limitations period.

### Eighth Defense

Plaintiff lacks standing to bring the claims asserted in the Complaint because Plaintiff assigned its rights, title, and interest to third parties when it re-sold the loans on which it is suing.

### Ninth Defense

Plaintiff's recovery, if any, should be diminished, reduced, offset, or barred pursuant to the fault, responsibility, or causation of others, including but not limited to Plaintiff.

### Tenth Defense

Plaintiff's Complaint is barred because Plaintiff has not sustained any injury or damages as a consequence of HLC's alleged breaches.

### Eleventh Defense

The Complaint is barred, in whole or in part, on the grounds or to the extent that the harm or damages Plaintiff complains of or seeks were caused by Plaintiff's own acts or omissions and/or those of Plaintiff's agents or employees.

### Twelfth Defense

The Complaint is barred, in whole or in part, on the grounds or to the extent that the harm or damages Plaintiff complains of or seeks were caused by the actions or omissions of third parties for whom HLC is not responsible and over whom HLC has no control.

### Thirteenth Defense

The Complaint is barred, in whole or in part, on the grounds or to the extent that the harm or damages Plaintiff complains of or seeks were caused by unforeseen circumstances, and/or superseding and intervening factors, including market forces, over which HLC has no control.

### Fourteenth Defense

Plaintiff may not recover damages in this action because its damages, if any, are speculative, vague, based on guesswork and conjecture, and are impossible to ascertain or allocate.

### Fifteenth Defense

The Complaint is barred, in whole or in part, because Plaintiff failed to mitigate its alleged damages and therefore is not entitled to recover, in full or in part, its alleged damages.

### Sixteenth Defense

The Complaint is barred, in whole or in part, because Plaintiff did not rely on the representations and warranties on which Plaintiff is suing, and to the extent Plaintiff did rely on such representations and warranties, Plaintiff's reliance was not reasonable or justified.

### Seventeenth Defense

The Complaint is barred, in whole or in part, because any alleged defects in the loans Plaintiff purchased from HLC were not material, and Plaintiff would have purchased the loans from HLC even if it had known about such defects.

### Eighteenth Defense

Plaintiff's indemnification claims are barred, in whole or in part, because Plaintiff has failed to (i) identify the instances in which Plaintiff made payments (in specified amounts) to third parties; (ii) demonstrate that Plaintiff was legally obligated to pay the third party the amounts Plaintiff claims it paid; and (iii) demonstrate that in each instance payment was necessitated by HLC's supposed breaches.

### Nineteenth Defense

The Complaint is barred, in whole or in part, to the extent that Plaintiff seeks damages for any amounts other than out-of-pocket losses that it actually incurred.

### Twentieth Defense

The Complaint is barred, in whole or in part, by Plaintiff's breach of the covenant of good faith and fair dealing in that Plaintiff failed to timely notify HLC of any defaults or defects and/or because Plaintiff chose to pay entities seeking recovery on HLC's loans more than Plaintiff was obligated to pay, or because Plaintiff did not declare Events of Default in good faith.

### Twenty-First Defense

The Complaint is barred, in whole or in part, because Plaintiff's liabilities and losses did not arise from reasonable, good faith settlements.

### Twenty-Second Defense

The Complaint is barred, in whole or in part, by statutes of limitations, statutes of repose, or similar doctrines.

### Twenty-Third Defense

The Complaint is barred, in whole or in part, under the doctrine of estoppel.

### Twenty-Fourth Defense

The Complaint is barred, in whole or in part, under the doctrine of release.

### Twenty-Fifth Defense

The Complaint is barred because venue is not proper, including for the reasons set forth in Home Loan Center's motion to dismiss on the ground of improper venue, which this Court has denied. Home Loan Center expressly does not waive its challenge to improper venue based

on the filing of this Answer.

### Twenty-Sixth Defense

The Complaint is barred because it was filed in a Court that does not have subject matter jurisdiction over this matter.

### Twenty-Seventh Defense

The Complaint is barred under the doctrines of unclean hands or *in pari delicto*.

### Twenty-Seventh Defense

The Complaint is barred to the extent that the relevant claims already have been settled or released, including in Home Loan Center's settlement with Aurora Commercial Corp. entered May 30, 2014.

### Defenses Reserved

HLC reserves the right to supplement its Answer and Defenses with additional defenses that become available or apparent during the course of investigation, preparation, or discovery, or at any other time, and to amend its Answer and Defenses accordingly.

Dated: May 13, 2019                                          Respectfully Submitted

                                                                                               By:    */s/* Jesse T. Smallwood
                                                                                                   Jesse T. Smallwood
                                                                                                   725 Twelfth Street, N.W.
                                                                                                   Washington, D.C. 20005
                                                                                                   Telephone: (202) 434-5162
                                                                                                   Facsimile: (202) 434-5029
                                                                                                   jsmallwood@wc.com
                                                                                                   Attorney for Home Loan Center, Inc.